OPINION
{¶ 1} Appellant, William J. Silsby, appeals from the judgment of the Lake County Court of Common Pleas sentencing him to a prison term of eighteen years.
 {¶ 2} On February 11, 2005, appellant was indicted on Count 1, attempted murder, a first degree felony, in violation of R.C.2923.02(A) and (E), carrying a firearm specification pursuant to R.C. 2941.145; Count 2, felonious assault, a second degree felony, in violation of R.C. 2903.11(A)(1), carrying a firearm specification pursuant to R.C. 2941.145; Count 3, felonious assault, a second degree felony, in violation of R.C.2903.11(A)(2), carrying a firearm specification pursuant to R.C.2941.145; Count 4, having weapons while under disability, a third degree felony, in violation of R.C. 2923.13(A)(2); Count 5, carrying concealed weapons, a fourth degree felony, in violation of R.C. 2923.12; and Count 6, grand theft of a motor vehicle, a fourth degree felony, in violation of R.C. 2913.02(A)(1).
 {¶ 3} On August 26, 2005, appellant pled guilty to Counts, 1, 4 and 6. A nolle prosequi was entered as to all other counts.
 {¶ 4} A sentencing hearing was held on September 29, 2005. The trial court imposed the following sentence: ten years on Count 1, four years on Count 4, and one year on Count 6, to be served consecutively. The trial court also imposed an additional mandatory term of three years for the firearm specification to Count 1, to be served prior to and consecutive to the above prison term. Thus, appellant was sentenced to a total prison term of eighteen years.
 {¶ 5} On October 27, 2005, appellant filed a timely Notice of Appeal raising the following three assignments of error:
 {¶ 6} "1. The trial court erred in sentencing the defendant-appellant to eighteen years in prison when it sentenced him based upon findings not supported by the record.
 {¶ 7} "2. The trial court violated the defendant-appellant's rights to equal protection and due process of law under the Fifth
and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).
 {¶ 8} "3. The trial court erred when it sentenced the defendant-appellant to maximum and consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's State and Federal Constitutional rights to trial by jury."
 {¶ 9} For the sake of clarity, we will address appellant's assignments of error out of order.
 {¶ 10} In his third assignment of error, appellant argues that the court erred in the imposition of the nonminimum prison term, based upon Blakely v. Washington (2004), 542 U.S. 296. In view of the court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, we agree.
 {¶ 11} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's third assignment of error is with merit.
 {¶ 12} In sentencing appellant, the trial court found, pursuant to R.C. 2929.14(B), that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the [appellant] or others."
 {¶ 13} In Foster, the Supreme Court held that R.C.2929.14(B) and (C) and 2929.19(B)(2) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey
(2000), 530 U.S. 466, and Blakely.
 {¶ 14} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B) and (C) and 2929.19(B)(2). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus.
 {¶ 15} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104.
 {¶ 16} Appellant's challenge to his sentence as being contrary to law, as argued in his first and second assignments of error, are premature based upon our disposition of appellant's third assignment of error, and thus, rendered moot.
 {¶ 17} Pursuant to Foster, we vacate appellant's sentence. This case is reversed and remanded for resentencing and further proceedings consistent with Foster.
O'Neill, J., Rice, J., concur.