OPINION
{¶ 1} Defendant-appellant, Richard K. Worrell, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to a total of 19 years in prison. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In August 2002, the Franklin County Grand Jury indicted defendant on three counts of rape, first-degree felonies, in violation of R.C. 2907.02; one count of kidnapping, a first-degree felony, in violation of R.C. 2905.01; one count of abduction, a third-degree felony, in violation of R.C. 2905.02; and one count of felonious assault, a second-degree *Page 2 
felony, in violation of R.C. 2903.11. Defendant pled not guilty to the charges, and the case proceeded to jury trial. The jury found defendant guilty as charged, and the trial court held sexual predator and sentencing hearings. The trial court adjudicated defendant a sexual predator. At the sentencing hearing, the trial court merged the felonious assault and abduction charges into the kidnapping charge. As to each rape charge, the trial court sentenced defendant to five years in prison, and as to the kidnapping charge, the trial court sentenced defendant to four years in prison. The trial court ordered that the sentences be served consecutively and entered its judgment on April 15, 2004.
 {¶ 3} Defendant appealed from that judgment to this court and set forth eight assignments of error, two of which challenged the validity of his non-minimum consecutive sentences. On March 31, 2005, this court overruled all eight of defendant's assignments of error and affirmed the judgment of the trial court. On May 3, 2006, the Supreme Court of Ohio reversed in part the judgment of this court, and remanded the cause to the trial court for resentencing consistent with State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Upon remand, the trial court imposed the same sentence that previously was imposed. Specifically, on June 8, 2006, the trial court entered judgment resentencing defendant to consecutive prison terms of five years on each rape charge and four years on the kidnapping charge, for a total sentence of 19 years in prison.
 {¶ 4} Defendant timely appeals from that judgment and asserts the following two assignments of error for our review:
 I. THE TRIAL COURT, UPON REMAND BY THE OHIO SUPREME COURT AFTER VACATION OF DEFENDANT'S SENTENCE FOR MULTIPLE FELONY COUNTS PURSUANT TO THE RULING IN STATE V. FOSTER, 109 OHIO ST. 3D 1 (2006) LACKED STATUTORY AUTHORITY TO *Page 3 
IMPOSE CONSECUTIVE SENTENCES AND SAID SENTENCE IS THEREFORE CONTRARY TO LAW.
 II. THE SENTENCE IMPOSED BY THE TRIAL COURT UPON REMAND BY THE OHIO SUPREME COURT WHEREIN CONSECUTIVE NON MINIMUM SENTENCES WERE IMPOSED DEPRIVED THE DEFENDANT OF DUE PROCESS, EQUAL PROTECTION AND 6TH AMENDMENT RIGHTS GUARANTEED HIM PURSUANT TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
 {¶ 5} Because defendant's two assignments of error are interrelated we will address them together. By his first assignment of error, defendant argues that the trial court lacked the statutory authority to impose consecutive sentences, and, therefore, the sentences are contrary to law. In his second assignment of error, defendant argues that the trial court imposed consecutive non-minimum sentences in violation of due process, equal protection, and the Sixth Amendment to the United States Constitution. Defendant's arguments under his second assignment of error are premised on his contention that the trial court lacked statutory authority to impose consecutive sentences under the circumstances of this case. Defendant does not otherwise develop any argument as to why his sentences were unconstitutional.
 {¶ 6} Defendant contends that, before the Foster decision, the authority of a trial court to impose consecutive sentences derived from R.C. 2929.14(E) and 2929.41(A). Pursuant to Foster, those provisions were severed from Ohio's felony sentencing scheme. See id. at paragraph four of the syllabus. According to defendant's reasoning, upon the severance of those provisions, trial courts no longer are authorized to impose consecutive sentences under the circumstances found in this case. *Page 4 
 {¶ 7} Before the Foster decision, judicial fact-finding was required before consecutive sentences could be imposed, except when certain enumerated statutes imposing nondiscretionary consecutive terms applied. See Foster, at ¶ 66. In Foster, the Supreme Court of Ohio, followingBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, found portions of Ohio's felony sentencing scheme, including R.C. 2929.14(E)(4) and 2929.41(A), unconstitutional because those portions required judicial fact-finding in violation of a defendant'sSixth Amendment right to a trial by jury. Concluding that R.C. 2929.14(E)(4) and 2929.41(A) were capable of being severed, the Supreme Court of Ohio severed in their entirety these statutory sections. Foster, at ¶ 97, 99; and paragraph four of the syllabus.
 {¶ 8} In view of the Foster court's severance of the unconstitutional provisions, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. The Foster court additionally stated: "If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105.
 {¶ 9} Thus, pursuant to Foster, trial courts generally have the discretionary power to impose consecutive sentences. See State v.Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 9, citing Foster ("Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively.") Notwithstanding that general rule, there still *Page 5 
remain circumstances that require the imposition of consecutive sentences. See Foster, at ¶ 66, citing R.C. 2929.14(E)(1) through (3). In those circumstances, a trial court lacks discretion regarding whether to impose consecutive or concurrent sentences. See Foster, at ¶ 66. Nonetheless, this case does not involve one of those circumstances. Thus, pursuant to Foster, the trial court in this case had discretion as to whether defendant should serve his sentences consecutively or concurrently.
 {¶ 10} However, according to defendant, the trial court lacked the authority to impose consecutive sentences. Thus, despite theFoster decision, defendant urges this court to find that the trial court in this case acted contrary to law by imposing consecutive sentences. Such a finding would be contrary to the Foster decision. As an intermediate appellate court, we will not make a determination that conflicts with a decision of the Supreme Court of Ohio that has not been reversed or overruled. "A court of appeals is bound by and must follow decisions of the Ohio Supreme Court, which are regarded as law unless and until reversed or overruled." Sherman v. Millhon (June 16, 1992), Franklin App. No. 92AP-89, citing both Battig v. Forshey (1982),7 Ohio App.3d 72, and Thacker v. Bd. of Trustees of Ohio State Univ. (1971), 31 Ohio App.2d 17.
 {¶ 11} Furthermore, to the extent the Foster court did not expressly discuss the source of a trial court's authority to impose consecutive sentences, we note that previous Ohio Supreme Court decisions expressly endorsed the idea that the authority of a court to impose consecutive sentences derives from the common law. In Henderson v. James (1895),52 Ohio St. 242, 254-255, the Supreme Court recognized the existence of a trial court's inherent power, derived from the common law, to impose consecutive sentences: *Page 6 
 * * * As we have no statute authorizing cumulative sentences for crime, it would seem at first blush that such sentences should not be permitted in this state; but this court, with the courts of most of the other states, as well as England, has sustained cumulative sentences without the aid of a statute.
 * * * The great weight of authority is in favor of cumulative sentences, and they should be upheld on principle. The severe punishments which induced judges to invent technicalities to aid the acquittal of those on trial, on criminal charges, no longer exist; and, under our just and humane statutes, those who violate the law should be duly punished for each offense. * * *
See, also, State ex rel. Stratton v. Maxwell (1963), 175 Ohio St. 65, 67
(citing Henderson for the proposition that "a court has the power to impose consecutive sentences"). Moreover, in Stewart v. Maxwell (1963),174 Ohio St. 180, 181, the Supreme Court stated that "in the absence of statute, it is a matter solely within the discretion of the sentencing court as to whether sentences shall run consecutively or concurrently."
 {¶ 12} Based on the foregoing, we find defendant's first assignment of error to be without merit and it is accordingly overruled. Additionally, because we find no merit in defendant's first assignment of error, we also overrule his second assignment of error.
 {¶ 13} Having overruled both of defendant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed. SADLER, P.J., and BROWN, J., concur. *Page 1