OPINION
{¶ 1} Defendant-appellant, Michael Taylor, appeals the decision of the Fayette County Court of Common Pleas sentencing him to consecutive three-year sentences after appellant was convicted of three counts of sexual battery.
 {¶ 2} As part of a plea agreement, appellant pled guilty to three counts of sexual battery in 2004. The trial court sentenced appellant to three consecutive three-year prison terms for these convictions and classified him as a sexual predator. Appellant appealed his *Page 2 
sentence and adjudication as a sexual predator. This court affirmed both the sentencing decision and appellant's classification as a sexual predator. State v. Taylor, Fayette App. No. CA2005-01-004,2005-Ohio-6426. Appellant appealed to the Ohio Supreme Court, which vacated appellant's sentence and remanded the case for resentencing pursuant to the court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109.
 {¶ 3} The trial court held a resentencing hearing in August 2006 and again imposed three consecutive three-year prison sentences for appellant's sexual battery convictions. Appellant now appeals the trial court's resentencing decision and raises the following sole assignment of error for our review
 {¶ 4} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES ON THE THREE COUTS OF SEXUAL BATTERY AS THE RULING IN STATE V. FOSTER, [CITATION OMITTED] DECLARING 2929.11(E)(4) AND 2929.41(A) UNCONSTITUTIONAL IN EXCISING THEM FROM THE STATUTORY STRUCTURE REMOVES THE COURT'S AUTHORITY UNDER CIRCUMSTANCES SUCH AS THIS TO IMPOSE CONSECUTIVE SENTENCES. SUCH IMPOSITION THEREFORE DEPRIVES THE DEFENDANT OF EQUAL PROTECTION[,] DUE PROCESS AND OTHER CONSTITUTIONAL RIGHTS PURSUANT TO THE FEDERAL AND STATE CONSTITUTIONS."
 {¶ 5} Appellant's argument on appeal challenges the authority of a trial court to impose consecutive sentences after the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. InFoster, the court found certain provisions of Ohio's sentencing statutes were unconstitutional and as a remedy, excised those provisions from the statute. Foster at ¶ 97. Prior to the Foster decision, with certain limited exceptions, prison terms were to run concurrently, unless certain findings were made by the trial court. See Foster at ¶ 66. Two sections of the Revised Code, R.C. 2929.41 and R.C. *Page 3 2929.14(E)(4), that provided for concurrent prison terms unless certain judicial findings were made, were among the provisions that were severed by the court in Foster. Appellant now contends that without a specific statutory provision authorizing the imposition of consecutive prison terms, the trial court in this case was without jurisdiction to impose consecutive sentences. We find appellant's argument without merit.
 {¶ 6} The authority to impose consecutive sentences has long been recognized as an inherent power of trial courts in Ohio and other states. See Henderson v. James (1895), 52 Ohio St. 242, 254-255. InHenderson, the court found that "[a]s we have no statute authorizing cumulative sentences for crime, it would seem at first blush that such sentences would not be permitted in this state; but this court, with the courts of most of the other states, as well as England, has sustained cumulative sentences without the aid of a statute. * * * The great weight of authority is in favor of cumulative sentences and they should be upheld on principle." Id.
 {¶ 7} In 1963, the Ohio Supreme Court examined the issue of whether sentences for escape should run concurrently or consecutively when the court's judgment entry does not specify how the sentence is to be served. Stewart v. Maxwell, (1963), 174 Ohio St.180. The court found that "[i]n the absence of statute, it is a matter solely within the discretion of the sentencing court as to whether the sentences shall run consecutively or concurrently." Id. at 181; see also Stratton v. Maxwell (1963), 175 Ohio St. 65, 67.[1]
Therefore, as Foster severed the provisions of Ohio's sentencing statute addressing the imposition of consecutive sentences, we must follow the long-recognized principle that in the absence of a statute, the *Page 4 
imposition of consecutive sentences is a matter within the discretion of the trial court.
 {¶ 8} Appellant asserts that "Section 2901.01 of the Revised Code makes it clear that there is no such concept as common law applicable to the criminal law structure and thus all proceedings and crimes must be conducted consistent with the requirements of the Ohio Revised Code." However, appellant has not cited any specific authority for this broad proposition, and we find nothing in the Revised Code's sentencing scheme that prohibits or limits the common law principle related to the imposition of consecutive sentences. The Revised Code only specifically abrogates common law offenses, as it states "no conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code." R.C. 2901.03. However, nothing in the Revised Code prohibits or limits a court from imposing consecutive sentences as authorized by common law principles.
 {¶ 9} Moreover, the Ohio Supreme Court specifically stated inFoster that with the severance of R.C. 2929.41 and R.C. 2929.14(E)(4), courts now have full discretion to order consecutive sentences.[2]Foster at ¶ 100, ¶ 105; see, also, State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 37-38. The court reiterated this principle in State v.Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 9, when it stated "[o]nly after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively."
 {¶ 10} A court is bound by and must follow the pertinent decisions of a reviewing court when ruling on issues before it; Battig v.Forshey (1982), 7 Ohio App.3d 72; Thacker v. Bd. of Trustees of OhioState Univ. (1971), 31 Ohio App.2d 17. Accordingly, this court is bound by and must follow the decisions of the Ohio Supreme Court. Durbin v.Schoeber (Jan. 27, 1992), Butler CA91-03-048; World Diamond Inc. v.Hyatt Corp. (1997), 121 Ohio App.3d. *Page 5 
 {¶ 11} In paragraph seven of the syllabus in Foster, the Ohio Supreme Court held, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 109 Ohio St.3d at paragraph 7 of the syllabus. Therefore, this court and the lower trial courts are bound to follow this directive. See State v. Pruitt, Franklin App. No. 06AP-1184, 2007-Ohio-2331.
 {¶ 12} Accordingly, we find no merit to appellant's argument that the trial court did not have the authority to impose consecutive sentences after the severance of portions of the sentencing statute inFoster. We further note that the Tenth District recently reached the same conclusion when examining this issue. State v. Worrell, Franklin App. No. 06Ap-706, 2007-Ohio-2216. Appellant's sole assignment of error is overruled.
 {¶ 13} Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] In fact, the court went a step further in discussing the purpose for imposing consecutive sentences by stating, "[i]nasmuch as making sentences for different crimes run concurrently is in the nature of a reward to the convict, relieving him of paying a part of the penalty for his crimes, it follows that a positive act is required on the part of the sentencing court to cause sentences to run concurrently; and in the absence of such action, if the entry is silent as to how the sentences shall run, it is presumed such sentences will run consecutively." Id. See, also, Stratton v. Maxwell (1963), 175 Ohio St.65, 67 ("a provision that sentences shall run concurrently is actually in the nature of a reward").
[2] With the exception of certain enumerated circumstances in which the court lacks discretion to determine whether sentences are served consecutively or concurrently. See Foster at ¶ 66, citing R.C.2929.14(E)(1). *Page 1