OPINION
{¶ 1} Appellant, Carol D. Semala, appeals the sentence of the Lake County Court of Common Pleas following the reversal and remand by the Ohio Supreme Court for resentencing pursuant to State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856. At issue is whether appellant's sentence violates the due process and ex post facto clauses of the United States and Ohio Constitutions. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Appellant conspired with her minor son and his eighteen-year old girlfriend Ericka Hickman and others to murder Shirley Bradley, the girlfriend of appellant's husband. Appellant made two attempts to kill Ms. Bradley at her apartment complex located at 2069 Hubbard Road, Madison Township.
 {¶ 3} Appellant made the first attempt during the early morning hours of December 27, 2000. Under appellant's instruction, appellant, her son, and Ericka assembled "Molotov cocktails," consisting of empty beer bottles, pieces of appellant's shirt, gasoline, and gunpowder from shotgun shells. Appellant told her son to get his father's shotgun shells, and directed Ericka to cut open a box of the shotgun shells with a knife. Appellant then drove her son and Ericka to a gas station where appellant purchased gasoline which she placed in a gas can.
 {¶ 4} Appellant took off her shirt in the vehicle, ripped it into pieces, and put a piece of cloth in each empty beer bottle. She then drove her son and Ericka to Madison Township and parked in a shopping center parking lot. Appellant told Ericka to leave the car and fill the bottles with gasoline which she did. Appellant then drove them to 2069 Hubbard Road, the apartment building where Ms. Bradley resided.
 {¶ 5} Appellant told Ericka to get out of the car and light and throw the fire bombs at the apartment she thought was Ms. Bradley's residence. At first Ericka was not cooperative, and only complied after appellant threatened her. Ericka left the car and approached the apartment. She poured gas by the front door; lit Molotov cocktails; and placed them by the door. The apartment caught fire. Unknown to appellant, they had torched the wrong apartment. Kelly Lyon, a stranger to appellant, resided at this *Page 3 
apartment. While the apartment was on fire, appellant drove her accomplices to her home in Ashtabula.
 {¶ 6} In the early morning hours of December 29, 2000, appellant undertook a second attempt to murder Ms. Bradley, and, to that end, solicited her son and Ericka and two minor females to assist her. Appellant drove her son and Ericka to a bar where appellant worked. Appellant obtained two bottles of beer and emptied them. She then drove to a K-Mart in Conneaut where she, her son, and Ericka bought gunpowder and a gas can. Appellant drove to a gas station and filled the can with gasoline. She then returned to the bar where they met Ericka's friends Melissa and Jessica, two minor females. Appellant drove her son, Ericka, Melissa, and Jessica to Madison Township. She parked in the rear of a McDonald's restaurant parking lot, handed Ericka gunpowder and beer bottles, and told her son and Ericka to fill the bottles with gunpowder and gasoline, which they did.
 {¶ 7} After leaving the parking lot, appellant drove to 2069 Hubbard Road. Appellant told Ericka and Melissa to get out of the car, light the beer bottles, and throw them at the apartment she believed was the residence of Ms. Bradley. The two girls exited the car. Ericka threw a lit Molotov cocktail through the window, smashing it and setting on fire the bedroom of a two-year old baby who was asleep in his crib. The window was five feet from the crib. This apartment was occupied at the time by Christopher Simpson, his ten-year old daughter, his baby, and a friend of his ten-year old daughter. Mr. Simpson's wife Kelly Simpson was at work at the time. After hearing the window smash and seeing the apartment in flames, Mr. Simpson woke the children *Page 4 
and took them to safety through the back door. Appellant had again targeted the wrong apartment.
 {¶ 8} While the apartment was on fire, appellant drove her accomplices back to Ashtabula, while discussing an alibi with them. Appellant told the others that her intended victim had been seeing her husband. She said the intended victim had attempted suicide in the past, and appellant said she would "help her get it done this time."
 {¶ 9} Appellant thus orchestrated two fire bomb attacks at the apartment complex where her intended victim lived. Both apartments were occupied at the time they were torched. The attacks were carried out under appellant's instructions and threats to coerce her accomplices to set fire to the apartment building. She acted as the ring leader, lookout, and getaway car driver. She planned both attacks and enlisted the assistance of minors in her efforts to murder her perceived rival.
 {¶ 10} Madison Township Police arrested appellant while she was in the process of planning a third attempt to murder Ms. Bradley. As a result of her crimes, appellant was indicted on two counts of aggravated arson in violation of R.C. 2909.02(A)(1), felonies of the first degree; two counts of aggravated arson in violation of R.C. 2909.02(A)(2), felonies of the second degree; two counts of attempted murder in violation of R.C. 2923.02 and 2903.02, felonies of the first degree; and conspiracy to commit murder in violation of R.C. 2923.01(A)(1), a felony of the first degree.
 {¶ 11} On June 26, 2001, appellant pleaded guilty to one count of aggravated arson and one count of attempted murder. The court entered a nolle prosequi on the remaining counts of the indictment. *Page 5 
 {¶ 12} On July 26, 2001, the trial court held a sentencing hearing. Each offense to which appellant pleaded guilty was a felony of the first degree, and carried a potential sentence of three, four, five, six, seven, eight, nine, or ten years. Appellant had a prior conviction for welfare fraud. She had a history of alcohol and drug abuse, and has used both with her children. The victim Kelly Simpson and her father described the serious psychological and economic harm appellant had caused their family to endure as a result of her crimes and appellant's disregard for the safety of other residents of the apartment complex. They both asked the court to impose the maximum sentence on appellant. The state stressed appellant's involvement and manipulation of several minors, including her own son, to assist her in her efforts to murder her husband's girlfriend. Appellant showed no remorse for her actions and instead viewed herself as the victim. The court imposed a sentence on appellant of nine years in prison on each count, to be served consecutively.
 {¶ 13} In State v. Semala, 11th Dist. No. 2001-L-163, 2002-Ohio-6579, appellant appealed her sentence and we reversed, holding the court failed to set forth its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c). On remand the trial court amended its judgment entry of sentence, again sentencing appellant to consecutive nine-year terms on both counts and setting forth its reasons for imposing consecutive sentences.
 {¶ 14} In State v. Semala, 11th Dist. No. 2003-L-128, 2005-Ohio-2653, appellant appealed the amended judgment entry of sentence, arguing the court's fact-finding violated Washington v. Blakely (2004),542 U.S. 296. We affirmed the trial court's resentencing. Appellant's discretionary appeal to the Ohio Supreme Court was *Page 6 
accepted, and the court reversed and remanded the case to the trial court for resentencing pursuant to State v. Foster, supra.
 {¶ 15} The trial court sentenced appellant to the same sentence: nine years in prison on each count, to run consecutively. Appellant appeals the trial court's resentencing, asserting the following assignments of error:
 {¶ 16} "[1] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 17} "[2] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS.
 {¶ 18} "[3.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS BASED ON THE OHIO SUPREME COURT'S SEVERANCE OF THE OFFENDING PROVISIONS UNDER FOSTER, WHICH WAS AN ACT IN VIOLATION OF THE PRINCIPLE OF SEPARATION OF POWERS.
 {¶ 19} "[4] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS CONTRARY TO THE RULE OF LENITY. *Page 7 
 {¶ 20} "[5.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS CONTRARY TO THE INTENT OF THE OHIO LEGISLATORS."
 {¶ 21} Collectively, appellant asserts in her assignments of error that her sentence is unconstitutional because she committed her crimes prior to the Ohio Supreme Court's decision in Foster, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. This court has recently addressed appellant's exact arguments in the case of State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. In Elswick we held the verbatim assignments of error that are raised in this appeal to be without merit.
 {¶ 22} Based on the authority of Elswick, appellant's assignments of error are without merit.
 {¶ 23} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1