OPINION
{¶ 1} Defendant-appellant, Quan R. Jordan, appeals from a judgment of the Franklin County Court of Common Pleas that sentenced him to consecutive prison terms for a number of convictions. For the following reasons, we affirm that judgment.
 {¶ 2} In 2005, a jury found appellant guilty of one count of aggravated burglary, two counts of kidnapping, three counts of aggravated robbery, two counts of rape, and one count of attempted rape. Each count also contained a firearm specification. The trial court also found appellant to be a sexually violent predator and a repeat violent offender. The trial court sentenced appellant accordingly. On appeal, this court affirmed most of *Page 2 
appellant's convictions. State v. Jordan, Franklin App. No. 05AP-1330,2006-Ohio-5208. However, this court reversed the conviction and sentence for first degree felony kidnapping because the undisputed facts established only a second degree felony kidnapping offense. We also reversed portions of appellant's sentence because the trial court imposed a sentence different from the sentence it announced at the sentencing hearing in appellant's presence. Id. at ¶ 50. On remand, the trial court re-sentenced appellant and imposed consecutive prison terms.
 {¶ 3} Appellant appeals and assigns the following errors:
 [1.] The trial court was without authority to impose consecutive terms of incarceration, as the sentence violated the Sixth Amendment to the United States Constitution.
 [2.] The trial court erred in imposing consecutive sentences on remand as the only statutory authority for imposing consecutive terms was stricken by the Ohio Supreme Court as being unconstitutional in State v. Foster (2006), 109 Ohio St.3d 1.
 {¶ 4} After appellant's initial sentencing hearing, the Supreme Court of Ohio issued State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, in which it declared significant portions of Ohio's statutory sentencing scheme unconstitutional and severed those portions from the statutes. As pertinent here, the court declared unconstitutional and severed R.C.2929.14(E)(4), which required a trial court to make certain factual findings before it could impose consecutive prison terms. Accordingly, at appellant's resentencing, the trial court imposed consecutive prison terms without making the factual findings required by former R.C.2929.14(E)(4).
 {¶ 5} Appellant contends in his first assignment of error that theFoster court's severance remedy, as applied to his case, violates due process and ex post facto principles. We disagree. This court has considered and rejected these arguments a *Page 3 
number of times. See State v. Hudson, Franklin App. No. 06AP-335,2007-Ohio-3227, at ¶ 25, citing State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, at ¶ 18, State v. Pigot, Franklin App. No. 06AP-343, 2007-Ohio-141, at ¶ 7, and State v. Sieng, Franklin App. No. 06AP-852, 2007-Ohio-1502, at ¶ 6. Accordingly, appellant's first assignment of error is overruled.
 {¶ 6} Appellant contends in his second assignment of error thatFoster, by severing R.C. 2929.14(E)(4), eliminated the trial court's authority to impose consecutive prison terms. We disagree. This court has also recently considered and rejected this argument. State v.Worrell, Franklin App. No. 06AP-706, 2007-Ohio-2216; see, also,State v. Gonzales, Hancock App. No. 5-06-43, 2007-Ohio-3132 (applyingWorrell); State v. Taylor, Fayette App. No. CA2006-09-039,2007-Ohio-2850 (rejecting same argument). Trial courts have long possessed the inherent power to impose consecutive prison terms, even without statutory authority. Worrell, at ¶ 11, quoting Henderson v.James (1895), 52 Ohio St. 242, 254-255. Foster did not eliminate this inherent authority to impose such sentences. See Foster, at ¶ 99 ("After the severance, judicial fact-finding is not required before imposition of consecutive prison terms."). Accordingly, because the trial court had authority to impose consecutive prison terms, appellant's second assignment of error is overruled.
 {¶ 7} Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1