OPINION
{¶ 1} Appellant, William J. Silsby, appeals from the February 22, 2007 judgment entry of the Lake County Court of Common Pleas, in which he was resentenced for attempted murder, having weapons while under disability, and grand theft of a motor vehicle.
 {¶ 2} On February 11, 2005, appellant was indicted on count one, attempted murder, a first degree felony, in violation of R.C. 2923.02(A) and (E), carrying a firearm *Page 2 
specification pursuant to R.C. 2941.145; count two, felonious assault, a second degree felony, in violation of R.C. 2903.11(A)(1), carrying a firearm specification pursuant to R.C. 2941.145; count three, felonious assault, a second degree felony, in violation of R.C. 2903.11(A)(2), carrying a firearm specification pursuant to R.C. 2941.145; count four, having weapons while under disability, a third degree felony, in violation of R.C. 2923.13(A)(2); count five, carrying concealed weapons, a fourth degree felony, in violation of R.C. 2923.12; and count six, grand theft of a motor vehicle, a fourth degree felony, in violation of R.C. 2913.02(A)(1).
 {¶ 3} On August 26, 2005, appellant pleaded guilty to counts one, four and six. A nolle prosequi was entered as to all other counts.
 {¶ 4} A sentencing hearing was held on September 29, 2005. The trial court imposed the following sentence: ten years on count one, four years on count four, and one year on count six, to be served consecutively. The trial court also imposed an additional mandatory term of three years for the firearm specification to count one, to be served prior to and consecutive to the above prison term. Thus, appellant was sentenced to a total prison term of eighteen years.
 {¶ 5} On October 27, 2005, appellant filed a timely notice of appeal, Case No. 2005-L-180, raising the following three assignments of error:
 {¶ 6} "[1.] The trial court erred in sentencing [appellant] to eighteen years in prison when it sentenced him based upon findings not supported by the record.
 {¶ 7} "[2.] The trial court violated [appellant's] rights to equal protection and due process of law under the Fifth andFourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B). *Page 3 
 {¶ 8} "[3.] The trial court erred when it sentenced [appellant] to maximum and consecutive sentences based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] State and Federal Constitutional rights to trial by jury."
 {¶ 9} On October 20, 2006, this court vacated appellant's sentence, reversed the judgment, and remanded the matter for resentencing consistent with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.State v. Silsby, 11th Dist. No. 2005-L-180, 2006-Ohio-5500.
 {¶ 10} Pursuant to this court's remand, a resentencing hearing was held on February 15, 2007. In its February 22, 2007 judgment entry, the trial court sentenced appellant to ten years on count one, four years on count four, and one year on count six, to be served consecutively. The trial court also imposed an additional mandatory term of three years for the firearm specification to count one, to be served prior to and consecutive to the above prison term. Thus, appellant was sentenced to a total prison term of eighteen years. It is from that judgment that appellant filed the present appeal asserting the following assignments of error:
 {¶ 11} "[1.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, maximum and consecutive prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 12} "[2.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, maximum, and consecutive prison term in violation of [appellant's] right to due process.
 {¶ 13} "[3.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, maximum and consecutive prison term based on the Ohio Supreme Court's *Page 4 
severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 14} "[4.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, maximum and consecutive prison term contrary to the rule of lenity.
 {¶ 15} "[5.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, maximum and consecutive prison term contrary to the intent of the Ohio legislators."
 {¶ 16} We note that the identical issues contained in appellant's assignments of error have been addressed by this court in State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.[1] Thus, based on our decision in Elswick, appellant's assignments of error are without merit.
 {¶ 17} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] In Elswick, the appeal dealt with more than the minimum sentences. However, the same analysis applies to maximum and consecutive sentences. *Page 1