OPINION
{¶ 1} Appellant, James Buckmaster, appeals the judgment of the Lake County Court of Common Pleas, ordering him to serve a one year sentence for his conviction on one count of Abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2), consecutively with his earlier sentence of twelve months imprisonment for Unlawful Possession of Explosives, in violation of Section 842(a)(3)(A), Title 18, U.S. Code, in Federal Case No. 1:06CR0038. See United States v.Buckmaster (C.A.6, 2007), 485 F.3d 873. We affirm the judgment of the lower court. *Page 2 
 {¶ 2} On November 12, 2006, the Lake County Grand Jury returned a six-count indictment against Buckmaster, charging him with the following counts: Aggravated Burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(2), with two firearm specifications, pursuant to R.C.2941.141 and R.C. 2941.145 (Count One); Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2), with two firearm specifications pursuant to R.C. 2941.141 and R.C. 2941.145 (Count Two); Burglary, a felony of the fourth degree, in violation of R.C.2911.12(A)(4), with two firearm specifications pursuant to R.C. 2941.141
and R.C. 2941.145 (Count Three); Kidnapping, a felony of the first degree, in violation of R.C. 2905.01(B)(2), with two firearm specifications pursuant to R.C. 2941.141 and R.C. 2941.145 (Count Four); Abduction, a felony of the third degree, in violation of R.C.2905.02(A)(2), with firearm specifications pursuant to R.C. 2941.141 and2941.145 (Count Five); and Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11, with firearm specifications pursuant to R.C. 2941.141 and R.C. 2941.145.
 {¶ 3} On May 9, 2007, following the disposition of various pretrial motions, Buckmaster pled guilty, by way of Alford, to the Abduction charge, as contained in Count Five of the indictment. The trial court, upon recommendation of the prosecutor, entered a Nolle Prosequi on the firearm specifications and the remaining counts of the indictment.
 {¶ 4} On June 4, 2007, Buckmaster appeared for sentencing. The trial court ordered him to serve the minimum sentence of one year in prison for his Abduction conviction. However, the court ordered that this sentence be served consecutively to the sentence previously imposed in the federal case. *Page 3 
 {¶ 5} Buckmaster timely filed a notice of appeal, assigning the following as error for our review:
 {¶ 6} "The `consecutive' portion of the sentence in this case is contrary to law, specifically Ohio Revised Code Section 2929.41."
 {¶ 7} In his sole assignment of error, appellant makes two arguments. First, he argues that the Ohio Supreme Court exceeded its authority inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and thus violated his Due Process rights by excising R.C. 2929.41(A) from Ohio's Sentencing Statutes, since there is "nothing about reading [R.C. 2929.41(A) which would] suggest * * * that section required judicial fact-finding before consecutive sentences are authorized. Next, he argues that, as a result of the court's improper severance of R.C. 2929.41(A), the trial court was without authority to impose consecutive sentences and thus, his sentence was contrary to law. For the reasons that follow, we disagree.
 {¶ 8} With regard to appellant's first argument, the Ohio Supreme Court, in Foster, following the dictates of Blakely v. Washington
(2004), 542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466, found certain portions of Ohio's felony sentencing scheme, including R.C. 2929.14(E)(4) and 2929.41(A), unconstitutional, since those sections of the statutes required judicial fact-finding prior to the imposition of sentence, in violation of a criminal defendant's Sixth Amendment right to a trial by jury. State v. Worrell, 10th Dist. No. 06AP-706, 2007-Ohio-2216, at ¶ 7.
 {¶ 9} R.C. 2929.41 provided, in relevant part, that "[e]xcept as provided in division (B) of this section, [or] division (E) of Section2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison *Page 4 
term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A) (emphasis added).
 {¶ 10} Concluding that the aforementioned section was capable of being severed from the code while retaining the apparent intent of the Legislature in the remainder of the statutory scheme, the Court elected to sever R.C. 2929.41(A) in its entirety. Worrell, 2007-Ohio-2216, at ¶ 7.
 {¶ 11} Following the severance of the offending sections, the Court "concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100. With regard to the imposition of prison terms for multiple convictions, the Supreme Court held that a trial court "is not barred from requiring those terms to be served consecutively." Id. at ¶ 105. Rather, under Ohio's sentencing statutes, post-Foster, trial courts are vested with discretion to decide "whether the offender should serve those terms concurrently or consecutively." State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, at ¶ 9 (citations omitted).
 {¶ 12} Despite the Supreme Court's holding, appellant urges this court to nevertheless conclude the trial court acted contrary to law and violated his due process rights by following the Supreme Court's directives under Foster. This we decline to do.
 {¶ 13} As an initial matter, we note that the trial court imposed the presumptive minimum prison term of one year for Abduction, a felony of the third degree. See R.C. 2905.02(C) ("Abduction * * * [is] a felony of the third degree."); R.C. 2929.14(A)(3) ("For a felony of the third degree, the prison term shall be one * * * [to] five years."). *Page 5 
 {¶ 14} R.C. 1.50 states that "[i]f any provisions of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section * * * which can be given effect." State v. Heilman, 11th Dist. Nos. 2004-T-0133 and 2004-T-0135, 2006-Ohio-1680, at ¶ 91;Foster, 2006-Ohio-856, at ¶ 93. Thus, when a portion of the statute is held to be unconstitutional by a court, the court may, if the appropriate legal standard is satisfied, sever the offending portions, while the others remain in full force and effect. Foster, 2006-Ohio-856, at ¶ 94-95 (citations omitted).
 {¶ 15} The Supreme Court, in its collective wisdom, determined that severance of the offending portions of the statutes, including R.C.2929.41(A), was the appropriate remedy. Id. at ¶ 96. "[A] decision of a court which has authority to review the decisions of another court is binding upon the latter court." In re Schott (1968), 16 Ohio App.2d 72,75. "The general rule, of such an age that it is beyond dispute, is that the ground, principle, or reason of a decision made by a higher court is binding as authority on the inferior court." Id. Thus, "as an intermediate appellate court" we are without authority to "make a determination that conflicts with a decision of the Supreme Court of Ohio that has not been reversed or overruled." Worrell, 2007-Ohio-2216, at ¶ 10 (citations omitted).
 {¶ 16} Furthermore, this court has previously examined and rejected numerous post-Foster due process arguments, based upon the imposition of consecutive sentences, such as appellant raises here. See, e.g.,State v. Newsome, 11th Dist. No. 2006-A-0048, 2007-Ohio-3203, at ¶ 14;State v. Bengal, 11th Dist. No. 2006-L-123, *Page 6 
2007-Ohio-2691, at ¶ 12; State v. Semala, 11th Dist. No. 2006-L-128,2007-Ohio-3011, at ¶ 21; State v. Silsby, 11th Dist. No. 2007-L-051,2007-Ohio-5606, at ¶ 16.
 {¶ 17} Thus, the only remaining issue to determine is whether the trial court, in the absence of R.C. 2929.41(A), had a separate legal basis for imposing consecutive sentences.
 {¶ 18} Despite the severance of R.C. 2929.41(A), "R.C. 2929.41(B) is still constitutional and has not been severed from the remaining statutory provisions." State v. Terry, 171 Ohio App.3d 473,2007-Ohio-1096, at ¶ 9.
 {¶ 19} The statute provides as follows:
 {¶ 20} "If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another stateor the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order thatthe offender serve the prison term it imposes consecutively to anyprison term imposed upon the offender by the court of another state orthe United States." R.C. 2929.41(B)(2) (emphasis added).
 {¶ 21} "Any person who violates any of subsections (a) through (i) * * * of section 842 [18 USCS § 842] shall be fined * * *, imprisoned for not more than 10 years, or both." Section 844(a)(1), Title 18, U.S. Code.
 {¶ 22} Section 842(a)(3)(A), Title 18, U.S. Code, does not specifically classify the grade of the offense. However, since the maximum term of imprisonment that could be imposed under that section is 10 years, it is classified as a Class C felony under federal law. See Section 3559(a)(3), Title 18, U.S. Code, ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of *Page 7 
imprisonment authorized is * * * less than twenty-five years but ten or more years, as a Class C felony.").
 {¶ 23} Because both offenses for which appellant was sentenced are felonies under the applicable laws, R.C. 2929.41(B)(2) applies, and the court, in its discretion, "may order" those sentences be served consecutively.
 {¶ 24} Even in the absence of such statutory authority, Ohio courts, post-Foster, have "expressly endorsed the idea * * * of a trial court's inherent power, derived from the common law, to impose consecutive sentences." Worrell, 2007-Ohio-2216, at ¶ 11, citing Henderson v.James (1895), 52 Ohio St. 242, 254-255 and State ex rel. Stratton v.Maxwell (1963), 175 Ohio St. 65, 67; accord State v. Gonzales, 3rd Dist. No. 5-06-43, 2007-Ohio-3132, at ¶¶ 12-13; State v. Taylor, 12th Dist. No. CA2006-09-039, 2007-Ohio-2850, at ¶¶ 6-9. This is entirely consistent with the Supreme Court's earlier holding "that `in the absence of [a] statute, it is a matter solely within the discretion of the sentencing court as to whether sentences shall run consecutively or concurrently.'"Worrell, 2007-Ohio-2216, at ¶ 11, citing Stewart v. Maxwell (1963),174 Ohio St. 180, 181.
 {¶ 25} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. Accordingly, we affirm the judgment of the Lake County Court of Common Pleas. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1