OPINION
{¶ 1} Defendant-appellant, Larry Bogovich, appeals from a judgment of the Franklin County Court of Common Pleas, which convicted appellant, pursuant to a bench trial, of breaking and entering, in violation of R.C. 2911.13, a felony of the fifth degree, and felonious assault, in violation of R.C. 2903.11, a felony of the second degree.
 {¶ 2} The Franklin County Grand Jury indicted appellant on the following charges: (1) aggravated burglary, in violation of R.C. 2911.11, a first-degree felony; (2) *Page 2 
aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree; and (3) felonious assault, in violation of R.C. 2903.11, a felony of the second degree.
 {¶ 3} The charges against appellant stem from an incident that occurred on January 22, 2007. As germane to this appeal, the following facts were adduced at trial. In the morning on the day in question, William Wheeler ("Wheeler") was struck in the head approximately three times with a metal object as he opened the screen door to his detached garage. Wheeler managed to get the object away from his assailant, and stopped his assailant from further hitting him. Although dazed from the blows to his head, Wheeler ran towards his house in the hope that someone would hear him screaming and intervene. Before he could reach his house, however, his assailant jumped on his back and rolled him to the ground, where he held Wheeler in a choke hold. The two struggled, and when Wheeler rolled over onto his back, he was able to see that his assailant was the appellant, who had dated Wheeler's niece. Wheeler testified that they continued to struggle, during which, appellant held an ice pick to Wheeler's jugular and demanded money. Wheeler gave appellant his wallet, who then cautioned Wheeler not to call the police or he would "get [Wheeler] and [his] family." (Tr. 65.) Wheeler was eventually taken to the hospital where he received 36 stitches and staples in his neck and face.
 {¶ 4} A few days after the incident, appellant left a message on Wheeler's answering machine, demanding that Wheeler give him $300, and told Wheeler where to meet him for the drop off. When Wheeler did not comply with appellant's directive, appellant called Wheeler again and demanded $500. *Page 3 
 {¶ 5} Wheeler did not initially identify appellant as his attacker because of the threats appellant made against his family, but ultimately reported the incident to the police and identified appellant.
 {¶ 6} Appellant gave a statement to Detective Arthur Hughes, a 13-year veteran with the Columbus Police Department. In his statement, appellant admitted to entering Wheeler's garage, grabbing an object, and striking Wheeler with it when he entered the garage. Appellant told Detective Hughes that the two men struggled, and "the struggle continued into the yard," where appellant "continued to hit [Wheeler]." Id. at 135. Appellant stated that he left Wheeler's property, and, because he had blood on him, he went to a Speedway gas station to wash up. Appellant denied having taken any money from Wheeler's wallet, but he admitted to having assaulted Wheeler. Id. at 137.
 {¶ 7} After the state presented its case, appellant moved for an acquittal pursuant to Crim. R. 29. With respect to count one, aggravated burglary, appellant's counsel argued that there was insufficient evidence to show that the garage was an occupied structure, and requested that the court reduce the count. The state opposed appellant's motion, and presented counter-argument. The trial court recessed to research the issue, and then reconvened with counsel. After a brief discussion, the court amended the charge of aggravated burglary to breaking and entering. Appellant's counsel did not object to this ruling, but instead, thanked the judge. Id. at 164. Counsel for appellant then apprised the court of appellant's decision not to testify, and the defense rested. The trial court then proceeded to hear closing arguments, during which, appellant's counsel stated: *Page 4 
 Thank you, Judge. I'll be very brief. We're not going to dispute the charge of breaking and then entering. We think that's pretty clear from his statement that he mentioned. He admitted he was in the garage, and we're not going to dispute the felonious assault.
(Tr. 169.) Counsel then went on to address the only charge he disputed, count two, aggravated robbery, arguing that the evidence before the court did not support a conviction.
 {¶ 8} The court found appellant guilty of breaking and entering and felonious assault, but not guilty of aggravated robbery. The court sentenced appellant to eight years on the felonious assault conviction and one year on the conviction for breaking and entering, with the sentences to run consecutively. Appellant filed a timely appeal, and asserts the following three assignments of error for our review:
 ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW WHEN IT AMENDED THE ORIGINAL CRIMINAL CHARGE FROM AGGRAVATED BURGLARY, R.C. 2911.11, TO BREAKING AND ENTERING, R.C. 2911.13, WHERE BREAKING AND ENTERING IS NOT A LESSER INCLUDED OFFENSE OF BURGLARY.
 ASSIGNMENT OF ERROR NO. 2:
 A TRIAL COURT VIOLATES A CRIMINAL DEFENDANT'S RIGHT TO A FAIR TRIAL WHEN IT IMPOSES A MAXIMUM, CONSECUTIVE SENTENCE FOR A CRIMINAL OFFENSE WHERE THE DEFENDANT DOES NOT COMMIT THE MOST EGREGIOUS FORM OF THE OFFENSE.
 ASSIGNMENT OF ERROR NO. 3:
 THE CONVICTION OF APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. *Page 5 
 {¶ 9} In his first assignment of error, appellant contends that the charge of breaking and entering is not a lesser-included offense of the greater offense of aggravated burglary, and, therefore, the trial court erred in amending the indictment to the lesser charge. For several reasons, however, appellant's argument fails.
 {¶ 10} To begin, appellant did not object when the trial court reduced the charge to breaking and entering, and, the failure to object waives all but plain error. State v. Powers (Jan. 30, 2001), Franklin App. No. 00AP-815 (citations omitted). To prove plain error, defendant must show that, absent the alleged error, the result of the trial clearly would have been different. State v. Long (1978), 53 Ohio St.2d 91. Under the facts of this case, not only did appellant fail to object to the reduced charge, but he requested the reduction. Thus, he cannot now claim it as error. State v. LaMar, 95 Ohio St.3d 181, 2002-Ohio-2128, at ¶ 102
("Under the invited-error doctrine, a party cannot take advantage of an error that the party invited or induced the court to commit"); State v.Long (Sept. 27, 1984), Franklin App. No. 83AP-444.
 {¶ 11} Even if appellant was permitted to assign the same as error, he fares no better upon a merit review. Crim. R. 7(D) provides that a court may at any time before, during, or after a trial, amend the indictment. However, the amendments are limited to those that do not "change * * * the name or identity of the crime charged." Consistent with Crim. R. 7(D), such a change is not affected by the amendment of a criminal indictment to charge a lesser-included offense of the charged offense. See State v. Burdine-Justice (1998), 125 Ohio App.3d 707, 711; State v.Briscoe (1992), 84 Ohio App.3d 569, 572. And, as the state correctly points out, in some instances, breaking and entering has been deemed to be a lesser-included offense of aggravated burglary. State *Page 6 v. Adams (1990), 74 Ohio App.3d 140; see, also, State v. Fontes (Nov. 11, 1998), Union App. No. 14-97-45; State v. Stewart (Dec. 20, 1993), Stark App. No. 9154 ("Breaking and entering is a lesser included offense of aggravated burglary; the difference being whether the structure is occupied or not") (citations omitted); State v. Walker (Sept. 16, 1991), Fairfield App. No. 45-CA-90.
 {¶ 12} Based on the foregoing, we overrule appellant's first assignment of error.
 {¶ 13} In appellant's second assignment of error, he challenges the trial court's authority to sentence him to consecutive prison sentences. This court has considered and repeatedly rejected this argument. See, e.g., State v. White, Franklin App. No. 07AP-743, 2008-Ohio-701;State v. Jordan, Franklin App. No. 07AP-52, 2007-Ohio-5097; State v.Worrell, Franklin App. No. 06AP-706, 2007-Ohio-2216. Trial courts have long possessed the inherent power to impose consecutive prison terms, even without statutory authority. Worrell, supra, at ¶ 11, quotingHenderson v. James (1895), 52 Ohio St. 242, 254-255. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856 did not eliminate this inherent authority to impose such sentences. See Foster, supra, at ¶ 99 ("After the severance, judicial fact-finding is not required before imposition of consecutive prison terms"). Accordingly, because the trial court had authority to impose consecutive prison terms, appellant's second assignment of error is overruled.
 {¶ 14} In his third assignment of error, appellant argues that his conviction for felonious assault is against the manifest weight of the evidence. When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the factfinder's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt.State v. Conley *Page 7 
(Dec.16, 1993), Franklin App. No. 93AP-387; State v. Thompkins (1997),78 Ohio St.3d 380, 387 (stating that "when a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony"). Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Reversals of convictions as being against the weight of the evidence are reserved for cases where the evidence weighs heavily in favor of the defendant.State v. Often (1986), 33 Ohio App.3d 339, 340.
 {¶ 15} In this case, the gravamen of appellant's argument is that the trial court did not find Wheeler to be a credible witness by virtue of the fact it found appellant not guilty of aggravated robbery, and, because the felonious assault charge stemmed from Wheeler's account of what transpired, the trial court lost its way in finding appellant guilty of felonious assault. This argument, however, has no merit.
 {¶ 16} Contrary to appellant's assertion, the trial court found appellant not guilty of aggravated robbery because it did not find the evidence supported a conviction, and not because Wheeler lacked credibility. Even if that were the case, a finding that a witness's testimony does not support a conviction for one charge does not necessarily translate into a finding that the witness lacks credibility and his or her testimony cannot support a conviction on any and all other charges. That is especially true here, where, in addition to Wheeler's testimony, the evidence included photographs of Wheeler's injuries, his hospital records, and appellant's incriminating statements to Detective Hughes. *Page 8 
 {¶ 17} As in all cases, the determination of the credibility of the witnesses is primarily the responsibility of the trier of fact. SeeDeHass, supra. Based on our review of the evidence, we cannot conclude that the trial court lost its way in finding appellant guilty of felonious assault. Because appellant's conviction is not against the manifest weight of the evidence, we overrule appellant's third assignment of error.
 {¶ 18} Having overruled all of appellant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BROWN and TYACK, JJ., concur.