OPINION *Page 2 
{¶ 1} Defendant-Appellant, Joseph J. Gonzales, Jr., appeals the judgment of the Hancock County Court of Common Pleas sentencing him to an aggregate term of thirty-four years in prison. On appeal, Gonzales argues that the trial court erred in imposing a sentence in violation of the due process and ex post facto clauses of the United States Constitution; that the trial court did not have authority to impose consecutive sentences; and, that his trial counsel provided ineffective assistance. Finding that Gonzales' sentence did not violate the due process and ex post facto clauses; that the trial court did not err in imposing consecutive sentences; and, that his trial counsel provided effective assistance, we affirm the judgment of the trial court.
 {¶ 2} In November 2005, the Hancock County Grand Jury indicted Gonzales on two counts of rape in violation of R.C. 2907.02(A)(2), one count of kidnapping in violation of R.C. 2905.01(A)(4), one count of aggravated robbery in violation of R.C. 2911.01, and one count of aggravated burglary in violation of R.C. 2911.11(A)(1), all felonies of the first degree.
 {¶ 3} In December 2005, Gonzales entered pleas of not guilty.
 {¶ 4} In April 2006, after numerous motions and a suppression hearing, Gonzales changed his pleas to guilty as to all five counts and stipulated to being *Page 3 
classified as a sexual predator. Additionally, the parties agreed to recommend that the trial court impose a prison sentence between twenty to forty years.
 {¶ 5} In August 2006, the trial court sentenced Gonzales to nine years in prison for each count of rape in violation of R.C. 2907.02(A)(2), eight years in prison for the count of aggravated robbery in violation of R.C. 2911.01(A)(1), and eight years in prison for the count of aggravated burglary in violation of R.C. 2911.11(A)(1).[1]
Additionally, the trial court ordered these sentences to be served consecutively and found Gonzales to be a sexual predator.
 {¶ 6} It is from this judgment Gonzales appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The trial court erred by imposing non-minimum, consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Blakely v. Washington (2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220. (August 24, 2006 Judgment Entry; August 11, 2006 Sentencing Hearing T.pp. 55-66).
 Assignment of Error No. II Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the trial court's imposition of non-minimum, consecutive sentences. (August 24, 2006 Judgment Entry; August 11, 2006 Sentencing Hearing T.pp. 55-66). *Page 4 
 Assignment of Error No. III The trial court committed plain error and denied Mr. Gonzales due process of law by imposing non-minimum, consecutive sentences. Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution. (August 24, 2006 Judgment Entry; August 11, 2006 Sentencing Hearing T.pp. 55-66).
 Assignment of Error No. IV The trial court did not have the authority to impose consecutive sentences. (August 24, 2006 Judgment Entry; August 11, 2006 Sentencing Hearing T.pp. 55-66).
 {¶ 7} Due to the nature of Gonzales' assignments of error, we elect to address them out of order and assignments one and three together.
 Assignments of Error Nos. I III {¶ 8} In his first and third assignments of error, Gonzales argues that the application of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, to his sentence violates the ex post facto clause of the United States Constitution and that his due process rights were violated because the effect of Foster is to create an ex post facto law.
 {¶ 9} First, we note that Gonzales did not raise any challenge to the application of Foster at the trial level. As such, we find that Gonzales waived the issue absent plain error. See Crim.R. 52(B). *Page 5 
 {¶ 10} This court recently held in State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, that Foster does not violate the ex post facto clause of the United States Constitution or notions of federal due process generally. For the reasons set forth in McGhee, we conclude that the trial court did not commit plain error when it sentenced Gonzales in accordance with Foster and find no merit in Gonzales' argument that the sentence violates his due process rights and the ex post facto clause. Additionally, the sentencing range for his felony offenses, of which he had notice prior to the commission of the crimes, have remained unchanged by the application of Foster. Therefore, we find that Gonzales' first and third assignments of error are without merit and are overruled.
 Assignment of Error No. IV {¶ 11} In his fourth assignment of error, Gonzales argues that the trial court did not have authority to impose consecutive sentences upon him. Specifically, Gonzales contends that, before the Foster decision, the authority of a trial court to impose consecutive sentences derived from R.C. 2929.14(E) and 2929.41(A). Pursuant to Foster, those provisions were severed from Ohio's felony sentencing scheme. See id. at paragraph four of the syllabus. According to Gonzales' reasoning, upon the severance of those provisions, trial courts are no longer authorized to impose consecutive sentences under the circumstances found in this case. *Page 6 
 {¶ 12} In State v. Worrell, 10th Dist. No. 06AP-706, 2007-Ohio-2216, the Tenth District decided this same issue, providing:
 Before the Foster decision, judicial fact-finding was required before consecutive sentences could be imposed, except when certain enumerated statutes imposing non discretionary consecutive terms applied. See Foster, at ¶ 66. In Foster, the Supreme Court of Ohio, following Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, found portions of Ohio's felony sentencing scheme, including R.C. 2929.14(E)(4) and 2929.41(A), unconstitutional because those portions required judicial fact-finding in violation of a defendant's Sixth Amendment right to a trial by jury. Concluding that R.C. 2929.14(E)(4) and 2929.41(A) were capable of being severed, the Supreme Court of Ohio severed in their entirety these statutory sections. Foster, at ¶ 97, 99; and paragraph four of the syllabus.
 In view of the Foster court's severance of the unconstitutional provisions, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. The Foster court additionally stated: "If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105.
 Thus, pursuant to Foster, trial courts generally have the discretionary power to impose consecutive sentences. See State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio1245, ¶ 9, citing Foster ("Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively.") Notwithstanding that general rule, there still remain circumstances that require the imposition of consecutive sentences. See Foster, at ¶ 66, citing R.C. 2929.14(E)(1) through (3). In those circumstances, a trial court lacks discretion regarding whether to impose consecutive or concurrent *Page 7 sentences. See Foster, at ¶ 66. Nonetheless, this case does not involve one of those circumstances. Thus, pursuant to Foster, the trial court in this case had discretion as to whether defendant should serve his sentences consecutively or concurrently.
 However, according to defendant, the trial court lacked the authority to impose consecutive sentences. Thus, despite the Foster decision, defendant urges this court to find that the trial court in this case acted contrary to law by imposing consecutive sentences. Such a finding would be contrary to the Foster decision. As an intermediate appellate court, we will not make a determination that conflicts with a decision of the Supreme Court of Ohio that has not been reversed or overruled. "A court of appeals is bound by and must follow decisions of the Ohio Supreme Court, which are regarded as law unless and until reversed or overruled." Sherman v. Millhon (June 16, 1992), Franklin App. No. 92AP-89, citing both Battig v. Forshey (1982), 7 Ohio App.3d 72, and Thacker v. Bd. of Trustees of Ohio State Univ. (1971), 31 Ohio App.2d 17.
 Furthermore, to the extent the Foster court did not expressly discuss the source of a trial court's authority to impose consecutive sentences, we note that previous Ohio Supreme Court decisions expressly endorsed the idea that the authority of a court to impose consecutive sentences derives from the common law. In Henderson v. James (1895), 52 Ohio St. 242, 254-255, the Supreme Court recognized the existence of a trial court's inherent power, derived from the common law, to impose consecutive sentences:
 * * * As we have no statute authorizing cumulative sentences for crime, it would seem at first blush that such sentences should not be permitted in this state; but this court, with the courts of most of the other states, as well as England, has sustained cumulative sentences without the aid of a statute. * * * The great weight of authority is in favor of cumulative sentences, and they should be upheld on principle. The severe punishments which induced judges to invent technicalities to aid the acquittal of those on trial, on criminal charges, no longer exist; and, under our just *Page 8 and humane statutes, those who violate the law should be duly punished for each offense. * * *
 See, also, State ex rel. Stratton v. Maxwell (1963), 175 Ohio St. 65, 67 (citing Henderson for the proposition that "a court has the power to impose consecutive sentences"). Moreover, in Stewart v. Maxwell (1963), 174 Ohio St. 180, 181, the Supreme Court stated that "in the absence of statute, it is a matter solely within the discretion of the sentencing court as to whether sentences shall run consecutively or concurrently."
Worrell, at ¶¶ 6-11.
 {¶ 13} Finding the Tenth District's rationale persuasive, we apply it to the case before us. Accordingly, we find that the trial court had the authority to impose consecutive sentences upon Gonzales and overrule his fourth assignment of error.
 Assignment of Error No. II {¶ 14} In his second assignment of error, Gonzales argues that his counsel did not provide him effective assistance, because his counsel did not object to the trial court's imposition of non-minimum and consecutive sentences. We disagree.
 {¶ 15} A defendant who pleads guilty may only attack the voluntary, knowing, and intelligent nature of the defendant's plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates, 64 Ohio St.3d 269, 272, 1992-Ohio-130. *Page 9 
 {¶ 16} A defendant asserting a claim of ineffective assistance of counsel must establish both that counsel performed unreasonably under the circumstances and that the unreasonable performance prejudiced the defendant. State v. Kole, 92 Ohio St.3d 303, 306, 2001-Ohio-191, citingStrickland v. Washington (1984), 466 U.S. 668, 687. To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's unreasonable performance the defendant would not have pled guilty. See Strickland, 466 U.S. at 687.
 {¶ 17} Here, Gonzales argues that his counsel performed unreasonably because his counsel failed to object to the trial court's imposition of an unconstitutional sentence. As noted above, we determined that the trial court did not improperly sentence Gonzales. Therefore, we find Gonzales has failed to establish that his counsel acted unreasonably in this regard.
 {¶ 18} Accordingly, we find that Gonzales' counsel did not perform unreasonably and overrule Gonzales' second assignment of error.
 {¶ 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW and WILLAMOWSKI, JJ., concur.
[1] We note the trial court found that the count of kidnapping in violation of R.C. 2905.01(A)(4) merged with a rape offense and did not enter a conviction or sentence on that count. *Page 1