OPINION *Page 2 
{¶ 1} Defendant-appellant, Robert F. Miller (hereinafter "Miller"), appeals the Auglaize County Court of Common Pleas' decision to sentence him to multiple and consecutive prison terms totaling nine years. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} On October 20, 2006, Miller entered a residence in Auglaize County, Ohio. While there, Miller took various items, including CDs, DVDs, computer peripherals, and credit cards. Miller also broke into an outbuilding which was unattached to the residence and drove the resident's lawnmower. The resident found Miller taking the items from the residence, and Miller then fled the residence.
 {¶ 3} On November 14, 2006, the Auglaize County Grand Jury indicted Miller on one count of burglary in violation of R.C. 2911.12(A)(1), and a second degree felony; one count of breaking and entering in violation of R.C. 2911.13(A), and a fifth degree felony; and two counts of theft, violations of R.C. 2913.02(A)(1) and fifth degree felonies.
 {¶ 4} On December 5, 2006, Miller entered into a plea agreement. Pursuant to the agreement, Miller pled guilty to one count of burglary and one count of breaking and entering. In exchange, the prosecution dismissed the two theft counts. The trial court accepted Miller's guilty plea and found Miller guilty. *Page 3 
 {¶ 5} That same day, the trial court sentenced Miller to an eight year prison term for the burglary charge and a twelve month prison term for the breaking and entering charge. The trial court ordered the terms of imprisonment be served consecutively.
 {¶ 6} Miller now appeals to this court and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court erred when it sentenced Mr. Miller to serve maximum and consecutive prison terms. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Section 16, Article I, Ohio Constitution.
 {¶ 7} In his sole assignment of error, Miller argues that the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E. 2d 470, eliminated findings and the statutory presumption of minimum and concurrent sentences. Miller argues he had a legitimate expectation that he would be "deprived of his liberty only to the extent determined by statute" and that since he was sentenced without those protections, he was deprived of his liberty without due process. Miller also argues that courts may only impose a sentence that is authorized by the sentencing statutes and that after Foster severed R.C. 2929.14(E)(4) there is no law that authorizes consecutive prison terms. Miller argues that "with no statutory guidance regarding whether consecutive or *Page 4 
concurrent sentences should be imposed, the trial court had a statutory duty to impose concurrent prison terms in Mr. Miller's case."
 {¶ 8} This court has previously held that the Ohio Supreme Court's decision in Foster does not violate the due process clause. State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, at ¶¶ 14-20. For the reasons expressed by this court in McGhee, we find that Miller's due process argument lacks merit.
 {¶ 9} In addition, the Foster decision was released by the Ohio Supreme Court on February 27, 2006. Foster, 2006-Ohio-856. Miller committed his crimes on October 20, 2006, which was several months after the Foster decision was released. Thus, Miller was aware when he committed the offenses that the trial court had "full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, paragraph seven of the syllabus. And, the trial court sentenced Miller within the applicable statutory range of sentences for the crimes which he was convicted. See R.C. 2929.14(A).
 {¶ 10} Moreover, this court has previously held that the trial court has the authority to impose consecutive sentences after theFoster decision. State v. Gonzales, 3d Dist. No. 5-06-43,2007-Ohio-3132, at ¶¶ 11-13, quoting State v. *Page 5 Worrell, 10th Dist. No. 06AP-706, 2007-Ohio-2216. For those same reasons, we find that Miller's argument lacks merit.
 {¶ 11} For the foregoing reasons, we overrule Miller's sole assignment of error.
 {¶ 12} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J. and WILLAMOWSKI, J., concur. *Page 1