OPINION *Page 2 
{¶ 1} Defendant-appellant, Anthony C. Aguilar (hereinafter "Aguilar"), appeals the judgment of the Defiance County Court of Common Pleas revoking his community control and imposing a previously suspended one hundred ten (110) month term of imprisonment. For reasons that follow, we affirm.
 {¶ 2} On February 17, 2003, the Defiance County grand jury indicted Aguilar on six (6) counts of breaking and entering in violation of R.C.2911.13(A), and fifth degree felonies; four (4) counts of vandalism in violation of R.C. 2909.05(B)(1)(b), and fifth degree felonies; two (2) counts of grand theft of firearms in violation of R.C. 2913.02(A)(1), and fourth degree felonies; two (2) counts of theft in violation of R.C. 2912.02(B)(2), and fifth degree felonies; one (1) count of attempted breaking and entering in violation of R.C. 2923.02, and a first degree misdemeanor; and two (2) counts of theft in violation of R.C2913.02(A)(1), and first degree misdemeanors.
 {¶ 3} On July 9, 2003, Aguilar pled guilty to six (6) counts of breaking and entering, fifth degree felonies; four (4) counts of vandalism, fifth degree felonies; and one (1) count of grand theft of a firearm, a fourth degree felony as part of a negotiated plea agreement. The remaining counts were subsequently dismissed.
 {¶ 4} On August 27, 2003, the trial court held a hearing and sentenced Aguilar to five years of community control and ordered him to pay $30,491.39 in restitution. The trial court reserved the right to impose a ten month term of imprisonment as to each of *Page 3 
the eleven pled counts to be served consecutively for a total sentence of one hundred ten (110) months. The trial court filed its judgment entry of sentence on August 28, 2003.
 {¶ 5} On March 20, 2007, the State filed a motion to revoke Aguilar's community control alleging that he had caused physical harm to his wife and child. On March 21, 2007, Aguilar appeared with court-appointed counsel, waived his right to a probable cause hearing, and requested that the matter be continued for an adjudicatory hearing.
 {¶ 6} On April 9, 2007, Aguilar admitted that he violated the terms and conditions of his community control. The trial court immediately proceeded to disposition, hearing statements from both the State and defense counsel on Aguilar's behalf. On April 12, 2007, the trial court issued its judgment revoking Aguilar's community control and imposed a one hundred ten (110) month term of imprisonment, less fifty six (56) days credit for time served.
 {¶ 7} On May 11, 2007, Aguilar filed a notice of appeal. Aguilar now appeals the sentence imposed by the trial court asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred when it sentenced Appellant to serve nonminimum [sic], consecutive prison terms. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Section 16, Article I, Ohio Constitution. (August 28, 2003 and April 12, 2007 Judgment Entries; Sentencing Tr. 10, Revocation Tr. 12). *Page 4 
 {¶ 8} Aguilar argues that Foster's severance remedy operated as an ex post facto law and violated his due process rights. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The State argues that our decision in State v. McGhee, 3d Dist. No. 17-06-05,2006-Ohio-5162 is controlling; and therefore, Aguilar's due process rights were not violated, and the application of Foster did not create an ex post facto law. Aguilar acknowledges that our ruling inMcGhee is applicable but asks us to overrule it. We agree with the State and decline to overrule McGhee.
 {¶ 9} This court has previously held that the Ohio Supreme Court's decision in Foster does not violate the due process clause or the ex post facto clause. Id. at ¶¶ 14-26; State v. Coleman, 3d Dist. No. 1-06-91, 2007-Ohio-3338, at ¶ 6. The Ohio Supreme Court has twice denied review of our decision in McGhee. State v. McGhee, 112 Ohio St.3d 1491,2007-Ohio-724, 862 N.E.2d 118, reconsideration denied in113 Ohio St.3d 1470, 2007-Ohio-1722, 864 N.E.2d 655. Furthermore, every Ohio Appellate District has either followed McGhee or similarly ruled thatFoster did not violate the ex post facto clause or a defendant's due process rights. State v. Lochett, 1st Dist. No. C-060404, 2007-Ohio-308;State v. Smith, 2d Dist. No. 21004, 2006-Ohio-4405; State v.Grimes, 4th Dist. No. 04CA17, 2006-Ohio-6360; State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542; State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448; State v. Palmer, 7th Dist. No. 06-JE-20,2007-Ohio-1572; State v. Mallette, 8th Dist. No. 87984, 2007-Ohio-715;State v. Hildreth, 9th Dist. No. 06CA008879, 2006-Ohio-5058; State v.Lowe, 10th *Page 5 
Dist. No. 06AP-673, 2007-Ohio-504; State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783; State v. Andrews, 12th Dist. No. CA2006-06-142, 2007-Ohio-223. Therefore, for the reasons we stated inMcGhee, we find that Aguilar's ex post facto and due process arguments lack merit.
 {¶ 10} Furthermore, Aguilar committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey, which foreshadowed a major change in criminal sentencing law. (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. And, the statutory range of sentences for the offenses of which Aguilar was convicted has remained unchanged; thus, Aguilar was on notice of the potential penalties for his unlawful conduct. McGhee, 2006-Ohio-5162, at ¶¶ 16, 20; R.C.2929.14(A)(4),(5).
 {¶ 11} Aguilar also argues that he should have been sentenced to a minimum concurrent sentence rather than consecutive terms, because "consecutive sentences are no longer authorized by Ohio law." (Appellant's Brief at 13). Aguilar's argument lacks merit. This Court has previously held that trial courts have authority to impose consecutive sentences following Foster. State v. Miller, 3d Dist. No. 2-07-02, 2007-Ohio-4744, ¶ 10, citing State v. Gonzales, 3d Dist. No. 5-06-43, 2007-Ohio-3132, ¶¶ 11-13, quoting State v. Worrell, 10th Dist. No. 06AP-706, 2007-Ohio-2216.
 {¶ 12} Therefore, Aguilar's first assignment of error is overruled. *Page 6 
 ASSIGNMENT OF ERROR NO. II Appellant did not receive effective assistance of counsel at his revocation hearing, in violation of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, for stipulating to the names and nature of Mr. Riffle's prior convictions.
 {¶ 13} In his second assignment of error, Aguilar argues that at his revocation hearing trial counsel performed deficiently when he failed to object to his `illegal' sentence. The State argues that Aguilar's counsel acted reasonably under the circumstances when he failed to object to the sentence, because all Twelve of Ohio's Appellate Districts had reached the same conclusion we reached in McGhee regardingFoster's application, and the objection would be without merit. We agree with the State.
 {¶ 14} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. State v. Kole (2001), 92 Ohio St.3d 303, 306,750 N.E.2d 148, citing Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 15} Aguilar has failed to establish that his counsel's performance was deficient or unreasonable under the circumstances. The trial court held an adjudicatory hearing to revoke Aguilar's community control on April 9, 2007. Our decision in McGhee was rendered October 2, 2006; therefore, counsel was not deficient in failing to argue that his sentence was illegal for reasons we already ruled on in McGhee. *Page 7 
 {¶ 16} Even if we interpret Aguilar's argument to mean that his counsel was deficient for failing to argue that the trial court lacked authority to impose consecutive sentences after Foster, and we assume, for argument's sake, that counsel was deficient, Aguilar was not prejudiced. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
 {¶ 17} It is not reasonably probable that the result would have been different at the revocation hearing had Aguilar's counsel objected to the imposed consecutive terms of incarceration. The Ohio Supreme Court has previously stated that a trial court has inherent authority to impose consecutive sentences. Henderson v. James (1895),52 Ohio St. 242, 254-255, 39 N.E. 805; State ex rel. Stratton v. Maxwell (1963),175 Ohio St. 65, 67, 191 N.E.2d 549; Stewart v. Maxwell (1963),174 Ohio St. 180, 181, 187 N.E.2d 888 ("* * * in the absence of statute, it is a matter solely within the discretion of the sentencing court as to whether sentences shall run consecutively or concurrently."). Aguilar has failed to show that there was a "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, supra. Furthermore, we have now ruled on this issue and found that trial courts have the *Page 8 
authority to impose consecutive sentences following Foster. Miller,2007-Ohio-4744, at ¶ 10, citing Gonzales, 2007-Ohio-3132, at ¶¶ 11-13, quoting Worrell, 2007-Ohio-2216.
 {¶ 18} Aguilar's second assignment of error is, therefore, overruled.
 {¶ 19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 1