OPINION *Page 2 
{¶ 1} In cases numbered 5-07-18, 5-07-20, and 5-07-21, Defendant-Appellant, Jason L. Moore, appeals the judgment of the Hancock County Court of Common Pleas sentencing him to non-minimum prison terms. In this consolidated *Page 3 
appeal, Moore argues that the trial court imposed non-minimum prison terms in violation of his Due Process rights; that he was denied effective assistance of counsel when his counsel allowed him to accept non-minimum prison terms; and, that the trial court erred by improperly journalizing his no contest pleas as guilty pleas in case numbers 5-07-18 and 5-07-21. Based on the following, we reverse and remand in case number 5-07-20 and we affirm and remand in case numbers 5-07-18 and 5-07-21 with instructions for the trial court to issue a nunc pro tunc entry.
 {¶ 2} In 2005, in case number 5-07-20,[1] the Hancock County Grand Jury indicted Moore for one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree. Moore entered a plea of not guilty. Thereafter, Moore moved to withdraw his plea of not guilty and entered a plea of guilty. The trial court accepted Moore's guilty plea, convicted him of receiving stolen property, and sentenced him to five years of community control. Additionally, the trial court informed Moore that a violation of his community control would "lead to a more restrictive sanction, a longer sanction, or a prison term of up to eleven (11) months." (December 2005 Judgment Entry, p. 5). *Page 4 
 {¶ 3} In 2006, in case number 5-07-21,[2] the Hancock County Grand Jury indicted Moore for one count of burglary in violation of R.C.2911.12(A)(3), a felony of the third degree, and one count of burglary in violation of 2911.12(A)(2), a felony of the second degree. Moore entered a plea of not guilty to both counts of burglary.
 {¶ 4} In early 2007, in case number 5-07-18,[3] the Hancock County Grand Jury indicted Moore for one count of trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the fifth degree, and one count of trafficking in marijuana in violation of R.C. 2925.03(A), a felony of the fifth degree. Moore entered a plea of not guilty to both counts of trafficking. Thereafter, Moore moved to withdraw his plea of not guilty and entered a plea of no contest to both counts of trafficking. Additionally, Moore moved to withdraw his plea of not guilty and entered a plea of no contest to both counts of burglary in case number 5-07-21.
 {¶ 5} In June 2007, the trial court accepted Moore's no contest pleas in case numbers 5-07-18 and 5-07-21 and convicted him of both counts of trafficking and both counts of burglary, stating that "[Moore] entered his pleas of Guilty" (June 2007 Judgment Entry, p. 3). Thereafter, the trial court sentenced Moore to a ten-month prison term on each count of trafficking, to be served concurrently, for *Page 5 
an aggregate ten-month prison term. Additionally, the trial court sentenced Moore to a four-year prison term on the third degree felony burglary conviction and to a five-year prison term on the second degree felony burglary conviction, to be served concurrently. Finally, the trial court ordered that the sentence in case number 5-07-18 be served concurrently with the sentence imposed in case number 5-07-21, for an aggregate five-year prison term.
 {¶ 6} Simultaneously, in case number 5-07-20, the trial court held a community control violation hearing and found that Moore had violated the terms of his community control. The trial court then revoked Moore's community control and sentenced him to an eleven-month prison term for his conviction of receiving stolen property, to be served concurrently with the sentences imposed in case numbers 5-07-18 and 5-07-21.
 {¶ 7} It is from the June 2007 judgments in case numbers 5-07-18, 5-07-21, and 5-07-20 that Moore appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT COMMITTED PLAIN ERROR BY IMPOSING NON-MINIMUM SENTENCES IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION. TR. 34; MAY 30, 2007 JUDGMENT ENTRY (PLEA; SENTENCING) FOR CASE NO. 2007 CR 23; MAY 30, 2007 JUDGMENT ENTRY (PLEA; SENTENCING) FOR CASE NO. 2006 CR 141; FIFTH, SIXTH, *Page 6 AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V. WASHINGTON (2004), 542 U.S. 296; UNITED STATES V. BOOKER (2005), 543 U.S. 220; CUNNINGHAM V. CALIFORNIA (2007), ___U.S.___, 127 S.CT. 856.
 Assignment of Error No. II MR. MOORE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL ALLOWED HIM TO ACCEPT AN AGREED-UPON SENTENCE OF A NON-MINIMUM PRISON TERM. TR. 34; MAY 30, 2007 JUDGMENT ENTRY (PLEA; SENTENCING) FOR CASE NO. 2007 CR 23; MAY 30, 2007 JUDGMENT ENTRY (PLEA; SENTENCING) FOR CASE NO. 2006 CR 141; STRICKLAND V. WASHINGTON (1984), 466 U.S. 668, 686-87.
 Assignment of Error No. III THE TRIAL COURT ERRED BY IMPROPERLY JOURNALIZING MR. MOORE'S PLEA OF NO CONTEST, INCORRECTLY INDICATING IN ITS JUDGMENT ENTRY THAT MR. MOORE PLEADED GUILTY. TR. 27-28, 29; MAY 30, 2007 JUDGMENT ENTRY (PLEA; SENTENCING) FOR CASE NO. 2007 CR 23; MAY 30, 2007 JUDGMENT ENTRY (PLEA; SENTENCING) FOR CASE NO. 2006 CR 141.
 I. Case Number 5-07-20 {¶ 8} Before addressing Moore's assignments of error, we must first address whether the prison sentence imposed in case number 5-07-20 was proper. We raise this issue sua sponte and will consider it under the standard of plain error.
 {¶ 9} In order to find plain error under Crim.R. 52(B) there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error *Page 7 
must have affected "substantial rights." State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." State v. Biros, 78 Ohio St.3d 426, 431,1997-Ohio-204; see, also, State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825.
 {¶ 10} R.C. 2929.19(B) governs felony sentencing hearings and provides, in pertinent part, that if a community control sanction is imposed, "[t]he court shall notify the offender that, if the conditions of the sanction are violated * * * [the court may] impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation[.] * * *" R.C. 2929.19(B)(5).
 {¶ 11} In State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, the Supreme Court of Ohio held that, in order to comply with R.C.2929.19(B)(5), "[t]he judge should not simply notify the offender that if the community control conditions are violated, he or she will receive `the maximum,' or a range, such as `six to twelve months,' or some other indefinite term, such as `up to 12 months.'" Id. at ¶ 19. Instead, "[t]he judge is required to notify the offender of the `specific' term the offender faces for violating community control." Id. Additionally, *Page 8 Brooks held that, when a trial court fails to provide proper notice of a specific term to the offender, "[t]he matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." Id. at ¶ 33. Although a prison term is not an option in this resentencing, the trial court may choose to impose a longer time under the same sanction or impose a more restrictive sanction. Id. Additionally, the trial court may, at the time of resentencing, notify the offender of a specific prison term that will be imposed should he violate the terms of community control again. State v. Fraley,105 Ohio St.3d 13, 2004-Ohio-7110, ¶¶ 17-18.
 {¶ 12} Here, the December 2005 judgment entry in case number 5-07-20 reads that Moore was notified that, upon violation of his community control, he would receive "a more restrictive sanction, a longer sanction, or a prison term of up to eleven (11) months." (2005 Judgment Entry, p. 5). Under Brooks, this "range" of possible sentences does not constitute notification of a specific term as required by R.C.2929.19(B)(5). Consequently, the trial court did not provide proper notice to Moore of a specific term and could not impose a prison term upon him when he violated his community control. Therefore, we find that the trial court erred in imposing a prison term upon Moore for his violation of community control in case number 5-07-20. *Page 9 
 {¶ 13} Accordingly, we reverse Moore's sentence in case number 5-07-20 and remand the matter to the trial court for resentencing with a prison term not an option.
 II. Case Numbers 5-07-18 5-07-21 {¶ 14} We now address Moore's assignments of error regarding case numbers 5-07-18 and 5-07-21.
 Assignment of Error No. I {¶ 15} In his first assignment of error, Moore argues that the trial court committed plain error by imposing non-minimum sentences in violation of the Due Process Clause of the Fifth and Sixth Amendments to the United States Constitution. Specifically, Moore argues thatState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, does not comply withBlakely v. Washington (2004), 542 U.S. 296, or Cunningham v.California (2007), 127 S.Ct. 856. We disagree.
 {¶ 16} In Foster, the Supreme Court of Ohio held parts of the felony sentencing statute that required judicial factfinding before imposition of non-minimum or consecutive sentences to be unconstitutional and severed those parts. Foster, 109 Ohio St.3d at ¶ 100. Accordingly,Foster held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, *Page 10 
consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 17} This court has repeatedly found that Foster does not violate the Due Process Clause. See State v. McGhee, 3d Dist. No. 17-06-05,2006-Ohio-5162, ¶¶ 14-20, and subsequent cases citing thereto. For the reasons set forth in McGhee, we find Moore's arguments unpersuasive.
 {¶ 18} Additionally, although Moore contends that the United States Supreme Court rejected a Foster-type remedy in Cunningham v.California, supra, this court has previously found that Foster is consistent with Cunningham:
 Cunningham struck down California's three-tiered determinate sentencing law, which required trial courts to make certain findings of facts before imposing a higher-tier prison term. Cunningham remedied the constitutional infirmity by severing those portions making the scheme mandatory, leaving only advisory guidelines in place, which is the precise remedy adopted by Foster.
State v. Land, 3d Dist. No. 2-07-20, 2007-Ohio-6963, ¶ 11 (citation omitted). See, also, State v. Kindle, 3d Dist. No. 5-07-11,2007-Ohio-6422; State v. Orwick, 3d Dist. No. 5-06-59, 2007-Ohio-4488. Accordingly, Foster complies with Cunningham and Moore's argument to the contrary is erroneous.
 {¶ 19} Accordingly, we overrule Moore's first assignment of error.
 Assignment of Error No. II *Page 11 {¶ 20} In his second assignment of error, Moore asserts that he was denied effective assistance of counsel because his counsel allowed him to accept an agreed-upon sentence of a non-minimum prison term. Specifically, Moore asserts that non-minimum prison terms are illegal, and, therefore, his counsel should have objected to the imposition of the sentence in order to preserve the issue for appellate review. We disagree.
 {¶ 21} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at paragraph three of the syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. State v. Waddy (1992),63 Ohio St.3d 424, 433, superseded by constitutional amendment on other grounds as recognized by State v. Smith, 80 Ohio St.3d 89, 103, 1997-Ohio-355.
 {¶ 22} Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. State v. Malone (1989), 2d Dist. No. 10564, 1989 WL 150798. "Ineffective assistance does not *Page 12 
exist merely because counsel failed `to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it.'" Id., quoting Smith v. Murray (1986), 477 U.S. 527.
 {¶ 23} Here, the trial court held the adjudicatory hearing to revoke Moore's community control in June 2007, nearly nine months after this Court decided McGhee, supra. Thus, Moore's counsel was not deficient for failing to argue that his sentence was illegal for reasons we rejected in McGhee and Moore has not proven that his counsel's performance fell below the standards of reasonable representation under the circumstances. See State v. Aguilar, 3d Dist. No. 4-07-15,2007-Ohio-6017, ¶ 15.
 {¶ 24} Additionally, as stated above, Foster explicitly held that trial courts have full discretion to impose non-minimum, maximum, or consecutive prison terms within the proper statutory range.Foster, 109 Ohio St.3d at paragraph seven of the syllabus. Therefore, Moore has also failed to demonstrate any reasonable probability that, had his counsel objected to his non-minimum, consecutive prison terms, the outcome of his probation revocation hearing would have been different. See Aguilar, 2007-Ohio-6017, ¶ 17.
 {¶ 25} Accordingly, we overrule Moore's second assignment of error.
 Assignment of Error No. III *Page 13 {¶ 26} In his third assignment of error, Moore asserts that the trial court erred because it improperly journalized his no contest pleas as guilty pleas in case numbers 5-07-18 and 5-07-21. Specifically, Moore contends that there are significant legal differences between a no contest and a guilty plea, and requests that we remand case numbers 5-07-18 and 5-07-21 for resentencing.
 {¶ 27} Here, the record reflects that Moore entered no contest pleas in case numbers 5-07-18 and 5-07-21. Additionally, the State concedes that the trial court erroneously journalized Moore's no contest pleas as guilty pleas in case numbers 5-07-18 and 5-07-21.
 {¶ 28} Crim.R. 36 states that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Interpreting Crim.R. 36, this Court has found that:
 The tool utilized to correct such errors is generally a nunc pro tunc entry. The term "clerical mistake" refers to "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." Furthermore, "while courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *Page 14 
State v. Rowland, 3d Dist. No. 5-01-39, 2002-Ohio-1421 (in text citations omitted), quoting State v. Brown (2000), 136 Ohio App.3d 816,819-20, and State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158,163-164.
 {¶ 29} While we agree with Moore's assertion that the trial court's error in journalizing his plea must be corrected, we disagree with his contention that we must remand case numbers 5-07-18 and 5-07-21 for resentencing. Instead, we find that the trial court's error in journalizing his plea was a clerical mistake and, therefore, that a nunc pro tunc entry is the proper tool to correct the error. Additionally, instead of entering, as a corrective entry, a complete restatement of the original entry with the properly corrected language, we note that the better procedure is for the entry nunc pro tunc to state only what was corrected without unnecessarily repeating the entire entry. This procedure relieves an interested party from examining the entire corrective entry in order to determine what was changed and guarantees that nothing that was originally stated correctly has since been improperly restated. See Herbert v. Porter, 165 Ohio App.3d 217,225-226, 2006-Ohio-355 (Rogers, J., concurring in part and dissenting in part).
 {¶ 30} Accordingly, we sustain Moore's third assignment of error only to the limited extent set forth herein.
 {¶ 31} In case numbers 5-07-18 and 5-07-21, having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we *Page 15 
affirm the judgment of the trial court, but remand the matter with instructions for further proceedings consistent with this opinion.
 {¶ 32} In case number 5-07-20, having found error prejudicial to the appellant herein regarding the trial court's failure to provide notice of a specific prison term, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment reversed and cause remanded in case number 5-07-20.
 Judgment affirmed and cause remanded in case numbers 5-07-18 5-07-21.
 SHAW, P.J., and WILLAMOWSKI, J., concur.
[1] We note that case number 5-07-20 corresponds to Hancock County Court of Common Pleas case number 2005-CR-167.
[2] We note that case number 5-07-21 corresponds to Hancock County Court of Common Pleas case number 2006-CR-141.
[3] We note that case number 5-07-18 corresponds to Hancock County Court of Common Pleas case number 2007-CR-23. *Page 1