OPINION *Page 2 
{¶ 1} Defendant-appellant, Justin D. Bauer (hereinafter "Bauer"), appeals the judgment of the Logan County Court of Common Pleas sentencing him to an aggregate twelve-year prison term. For the reasons that follow, we affirm.
 {¶ 2} On January 21, 2008, Bauer knocked on Brandi Wren's[1] door wanting to confront her husband about an affair he allegedly had had with Bauer's wife. After Bauer lied to Brandi about his intentions, Brandi let him into the house, at which time Bauer attacked her. As a result of the attack, Brandi sustained numerous injuries, including a broken jaw. Moreover, the Wrens' four-year-old son had witnessed the attack on his mother, and both Brandi and her son have had to attend counseling to deal with the emotional trauma.
 {¶ 3} On February 13, 2008, the Logan County Grand Jury indicted Bauer on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree; one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; and one count of attempted murder in violation of R.C. 2923.02 and R.C. 2903.02(A), a felony of the first degree. On June 27, 2008, the State amended the aggravated burglary count to the lesser included offense of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree. On that same day, Bauer entered a guilty plea to the amended *Page 3 
charge of burglary and the charge of felonious assault. The State dismissed the attempted murder charge.
 {¶ 4} A sentencing hearing was held on April 11, 2008, and after both sides presented testimony, the trial court sentenced Bauer to six years on the burglary charge and six years on the felonious assault charge, which were to run consecutively for a total of twelve years. In addition, the trial court ordered Bauer to pay $14,791.22 in restitution.
 {¶ 5} Bauer now appeals and raises two assignments of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES FOR TWO SEPARATE FELONIES AS THERE WAS NO AUTHORITY TO DO SO.
 {¶ 6} In his first assignment of error, Bauer argues that his sentence is unlawful because the trial court did not have the authority to impose consecutive sentences as a result of the Ohio Supreme Court decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 7} In Foster, the Ohio Supreme Court declared unconstitutional those portions of the felony sentencing statutes that required judicial fact-finding before the trial court would impose a prison sentence.2006-Ohio-856, at ¶ 100. Subsequently, the Supreme Court excised those provisions that related to judicial fact-finding from the sentencing statutes, specifically including *Page 4 
R.C. 2929.14(E)(4) and R.C. 2929.41(A). Id. at ¶ 97. As a result of the excision of those unconstitutional provisions, the Court ultimately held that, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Although, the Court went on to state that the trial court still must consider the overriding purposes of felony sentencing, which include protecting the public from future crimes by the offender and to punish the offender for their conduct. Id. at ¶ 36, citing R.C. 2929.11(A). Furthermore, trial courts also must consider the seriousness of the conduct and the recidivism of the offender as prescribed under R.C. 2929.12(A). Id. at ¶ 37, citing R.C. 2929.12.
 {¶ 8} Statutory authority to impose consecutive sentences was specifically prescribed in R.C. 2929.14(E)(4), but Bauer claims that since this provision was found to be unconstitutional and subsequently was excised by the Ohio Supreme Court in Foster, there no longer exists any authority to impose consecutive sentences. We disagree.
 {¶ 9} The Ohio Supreme Court has recently considered the trial court's authority to impose consecutive sentences after its Foster decision inState v. Bates, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328. InBates, after finding that there was no statutory authority establishing a presumption for concurrent or consecutive sentences as a result of theFoster decision, the Court *Page 5 
stated that the common-law presumptions of consecutive/concurrent sentencing were reinstated. Id. at ¶ 18. Ultimately, the Court held, "[accordingly, the trial court now has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently." Id. at ¶ 19.
 {¶ 10} Bauer argues in his reply brief that Bates is not controlling since it dealt with the issue of a trial court's authority to impose a sentence and have it run consecutive to another sentence imposed by another Ohio trial court. (Appellant's Reply Brief at 1). In addition, Bauer argues that the statement in Bates that reinstated the common-law principles after Foster is inapposite with R.C. 2901.03, which states that there are no common-law crimes or penalties in Ohio.
 {¶ 11} First of all, while we acknowledge that Bates specifically dealt with the question of whether a trial court had the authority to run its sentence consecutively to another trial court's sentence, we disagree with Bauer that Bates is not controlling. For the Supreme Court to have answered the particular issue in Bates, the Court had to analyze the overall effect Foster had with respect to a trial court's authority to impose concurrent or consecutive sentences. See Bates,2008-Ohio-1983, at ¶¶ 12-18. Thus, we believe that Bates' holding is dispositive since the Court specifically held that a "trial court now has the discretion and inherent authority to determine whether a prison sentence within statutory range shall run consecutively or concurrently." See id. at ¶ 19. *Page 6 
 {¶ 12} Even without relying on Bates, we would still find Bauer's argument lacks merit. Prior to Bates, this Court has previously held that trial courts have the authority to impose consecutive sentences after the Foster decision. State v. Robinson, 3d Dist. No. 8-08-05,2008-Ohio-4956, ¶¶ 32-38; State v. Jones, 3d Dist. Nos. 10-07-26, 10-07-27, 2008-Ohio-2117, ¶ 19; State v. Miller, 3d Dist. No. 2-07-02,2007-Ohio-4744, ¶ 10; State v. Gonzales, 3d Dist. No. 5-06-43,2007-Ohio-3132, ¶¶ 11-13, quoting State v. Worrell, 10th Dist. No. 06AP-706, 2007-Ohio-2261.
 {¶ 13} Finally, we also find Bauer's argument regarding R.C. 2901.03
meritless. R.C. 2901.03 only specifically abrogated common-law offenses; therefore, under the statute no conduct can constitute a crime unless it is defined under the revised code. See R.C. 2901.03. The purpose of the statute was to codify a well-settled doctrine that common-law crimes no longer exist in Ohio; thus, R.C. 2901.03 did not abrogate every common-law doctrine from criminal law. R.C. 2901.03, Committee Comments 1973. In addition, the Ohio Supreme Court has explicitly recognized a common-law presumption in regards to sentencing and has stated that, unless a trial court decides otherwise, the presumption is that multiple sentences will run consecutively. Bates, 2008-Ohio-1983, at ¶ 16;State ex rel. Stratton v. Maxwell (1963), 175 Ohio St. 65, 67,191 N.E.2d 549; Stewart v. Maxwell (1962), 174 Ohio St. 180, 181,187 N.E.2d 888; Henderson v. James (1895), 52 Ohio St. 242, 39 N.E. 805. *Page 7 
 {¶ 14} Therefore, Bauer's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY SENTENCING DEFENDANT TO CONSECUTIVE SENTENCES FOR TWO SEPARATE FELONIES COMMITTED AT THE SAME TIME.
 {¶ 15} In his second assignment of error, Bauer argues that the trial court abused its discretion when it imposed a consecutive sentence for two crimes that only involved one animus, which was to hit the victim. In addition, Bauer claims that the record does not support the sentence that the trial court imposed.
 {¶ 16} The State responds by arguing that the crimes of burglary and felonious assault have different elements and a different animus, and thus, it was proper to sentence Bauer consecutively. Moreover, the State argues that while the twelve-year sentence the trial court imposed was "tough," the sentence was proportionate to the violent crime he committed and is consistent with sentences from other jurisdictions that involved violent home invasions.
 {¶ 17} First, we reject Bauer's argument that in this case the crimes of burglary and felonious assault are allied offenses of similar import. R.C. 2941.25, the allied offense statute, provides:
 (A) Where the same conduct by defendant can be construed two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one. *Page 8 
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 {¶ 18} The Ohio Supreme Court has developed a two-step analysis to determine whether multiple crimes constitute offenses of similar import.State v. Nicholas (1993), 66 Ohio St.3d 431, 613 N.E.2d 225. First, the elements of the offenses are compared in the abstract. State v.Rance (1999), 85 Ohio St. 3d 632, 738-39, 710 N.E.2d 699. "If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses and the court must proceed to the second step."Nicholas, 66 Ohio St.3d at 434, citing State v. Blankenship (1988),38 Ohio St.3d 116, 117, 526 N.E.2d 816. Next, the court must review the defendant's conduct and determine whether multiple convictions were proper. "If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Nicholas,66 Ohio St.3d at 434, citing Blankenship, 38 Ohio St.3d at 117.
 {¶ 19} Here, Bauer pled guilty to one count of burglary and one count of felonious assault. Burglary is defined under R.C. 2911.12(A)(1), which states in pertinent part: "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure * * * when another person other than an accomplice of *Page 9 
the offender is present, with purpose to commit in the structure * * * any criminal offense." Thus, an offender commits burglary if he/she: (1) by stealth or deception, (2) trespasses, (3) in an occupied structure, (4) with the purpose to commit a criminal offense. State v. Clark
(1995), 107 Ohio App.3d 141, 148, 667 N.E.2d 1262. In comparison, felonious assault is defined under R.C. 2903.11(A)(1), which states in pertinent part: "[n]o person shall knowingly * * * [c]ause serious physical harm to another." Thus, an offender commits felonious assault if he/she: (1) knowingly, (2) causes, (3) serious physical harm, (4) to another. Clark, 107 Ohio App.3d at 148.
 {¶ 20} After a review of both offenses, we find that burglary and felonious assault are not allied offenses of the similar import. Burglary requires a prohibited entry into an occupied structure with purpose to commit a criminal offense, while felonious assault requires actually causing serious physical harm to another. The offense of burglary does not result in the commission of a felonious assault.Clark, 107 Ohio App.3d at 148-49.
 {¶ 21} Furthermore, we find in the present case, the crimes of burglary and felonious assault were committed separately, and therefore fall within the scope of R.C. 2941.25(B). The burglary offense was committed when Bauer lied to the victim about her husband asking him to come over, which allowed Bauer to trespass into her home while she and her son were present. Then, the distinct offense of felonious assault was committed when Bauer knowingly caused the *Page 10 
victim serious physical harm when he began to punch and choke her. Even though Bauer may have had the same underlying intent when he entered the house — to hit the victim — the burglary offense was completed before the felonious assault offense arose. Thus, these offenses were committed separately for purposes of R.C. 2941.25, and the trial court did not err by sentencing Bauer to consecutive sentences. See State v. Stepp (July 10, 1997), 3d Dist. No. 3-97-6, at *4; Clark, 107 Ohio App.3d at 148-49.
 {¶ 22} As to Bauer's overall sentence, a trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.[2] State v. Ramos, 3d Dist. No. 4-06-24,2007-Ohio-767, ¶ 23 ("the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C)"); State v. Rhodes, 12th Dist. No. CA2005-10-426,2006-Ohio-2401, ¶ 4; State v. Tyson, 3d Dist. Nos. 1-04-38; 1-04-39,2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the *Page 11 
mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus; State v. Boshko (2000),139 Ohio App.3d 827, 835, 745 N.E.2d 1111. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is `"clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims."' State v. Watkins, 3d Dist. No. 2-04-08,2004-Ohio-4809, ¶ 16, quoting State v. Jones (2001), 93 Ohio St.3d 391,400, 754 N.E.2d 1252.
 {¶ 23} As previously stated, after Foster trial courts have full discretion in imposing sentences within the statutory range, and thus are no longer required to make judicial findings or give reasons for a sentence that is more than the minimum. Foster, 2006-Ohio-856, paragraph seven of the syllabus. However, trial courts must still consider the overriding purposes of felony sentencing, specifically listed in R.C. 2929.11(A), and the seriousness of the offender's conduct and the recidivism of the offender pursuant to R.C. 2929.12(A). Id. at ¶¶ 36-42.
 {¶ 24} Here, the trial court sentenced Bauer to an aggregate term of twelve years — six years for burglary and six years for felonious assault, which were to run consecutively. In its judgment entry, the trial court specifically stated it had considered the record, oral statements, the victim impact statements and pre-sentence *Page 12 
report ("PSI"), and the principles and purposes of sentencing under R.C. 2929.11. (Aug. 13, 2008 JE). In addition, the trial court considered the "need for deterrence, incapacitation, rehabilitation, and restitution." (Id.). Moreover, at the sentencing hearing, the trial court found that a twelve-year sentence was necessary to protect the public from future crimes and to punish the offender; and that consecutive sentences were not disproportionate to the seriousness of the Bauer's conduct and the danger he presented to the public. (Aug. 11, 2008 Tr. at 35). Ultimately, the trial court stated "[t]he offenses were committed as part of one or more courses of conduct, and the harm caused by the offense was so great and unusual that no single prison term adequately reflects the seriousness of the offender's conduct." (Id.). In addition, Bauer pled guilty to two counts that were both felonies of the second degree, and as per R.C. 2929.14(A)(2) the trial court could have imposed a sentence from anywhere between two and eight years as to each count. Here, the trial court chose not to impose the maximum sentence (eight years), but rather imposed a sentence well within its permissible range. Based on the forgoing, it is clear to this Court that the trial court properly considered the relevant statutory sentencing factors when sentencing Bauer to an aggregate term of twelve years.
 {¶ 25} Bauer argues that his sentence was disproportionate since the record illustrates that Bauer had no previous felony record and exhibits no psychological disorders. We disagree. On January 21, 2008, Bauer's wife drove him over to *Page 13 
Brandi and Jeff Wren's house because Bauer wanted to confront Jeff about an affair he had allegedly had with Bauer's wife. (Bill of Particulars, Doc. No. 48); (PSI). When Bauer knocked on the Wrens' door, Brandi answered and Bauer lied to her telling her that her husband had called him and asked him to come over. (Id.). Eventually, Brandi opened the door, at which time Bauer attacked her. (Id.). Bauer struck her several times, punching and grabbing her around her neck, all the while telling Brandi that he wanted to kill her. (Id.).
 {¶ 26} As a result of the attack, Brandi sustained multiple bruises, scrapes, cuts, contusions, various facial injuries, and a broken jaw, which she had to have two surgeries to fix. (Id.). In addition, because her four-year-old son, Hayden, had witnessed the attack of his mother, both Brandi and her son have had to see a counselor. (Id.). When Bauer was interviewed by the Logan County Sheriff's department, Bauer initially denied being involved. (Id.). Later, Bauer admitted to going over to the Wrens' house to confront Jeff about the affair with his wife, and he admitted that he and Brandi had a scuffle, but he denied hitting or choking her. (Id.).
 {¶ 27} While Bauer does not have a previous felony conviction on his record, the PSI indicates that Bauer has had numerous interactions with the courts both as a juvenile and later as an adult. (PSI). Furthermore, even though Bauer made a written statement after the PSI interview and apologized at the sentencing hearing to Brandi and her family for his actions, at the time of the PSI interview *Page 14 
Bauer "never mentioned the havoc his actions wreaked upon Brandi * * * He made no reference to Brandi's injuries, surgeries, etc., nor did he mention making any restitution." (PSI). He continued to deny the serious, violent nature of his actions, and repeatedly talked about how unfair he was being treated. (PSI). All of these aggravating factors support the trial court's decision to sentence Bauer to an aggregate term of twelve years.
 {¶ 28} Based on our review of the record herein, including the PSI, the sentencing hearing transcripts, victim impact statements, and the judgment entry of sentencing, we cannot conclude that the trial court erred in sentencing Bauer to an aggregate twelve-year sentence.
 {¶ 29} Bauer's second assignment of error is, therefore, overruled.
 {¶ 30} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 ROGERS and SHAW, J.J., concur.
[1] We note that the victim's name is spelled differently as between the record and the parties' briefs; therefore, we elect to spell her name as it appears in the pre-sentence investigation report, Brandi Wren.
[2] We note that the Supreme Court of Ohio recently released a plurality opinion in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, which established a two-part test utilizing both the clear and convincing and abuse of discretion standard of review in reviewing felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing standard of review, which was affirmed and adopted by three dissenting Justices in Kalish, we note that the outcome of our decision in this case would be identical under the Kalish plurality's two-part test as well. *Page 1